**DYKEMA GOSSETT LLP**
Jeffrey Huron (SBN: 136585)
jhuron@dykema.com
Jason T. Riddick (SBN: 235980)
jriddick@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Plaintiff
XPO LOGISTICS FREIGHT, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| XPO LOGISTICS FREIGHT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GINGER GALVEZ, an individual,<br><br>Defendant. | CASE NO. 2:16-cv-05915 MWF (AFMx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>[Hon. Michael W. Fitzgerald]<br><br>Scheduling Conference Date: November 7, 2016 at 11 a.m.<br><br>Action Filed: August 8, 2016 |

Plaintiff XPO Logistics Freight, Inc. ("Plaintiff" or "XPO") and Defendant Ginger Galvez ("Defendant" or "Galvez") (collectively the "Parties") jointly submit this report in accordance with this Court's Order [DKT No. 21] and Rule 26(f) of the Federal Rules of Civil Procedure.

a. **STATEMENT OF THE CASE**

**Plaintiff:** This case arises out of the illegal actions of Defendant Galvez, who Plaintiff XPO contends wrongfully used of XPO's confidential and trade secret information to solicit XPO's customers and compete with XPO in violation of her employment agreement with XPO and the California Uniform Trade Secrets Act. Plaintiff brought causes of action against Galvez for breach of contract and misappropriation of trade secrets on August 8, 2016.

On May 13, 2016, Galvez resigned her employment as a National Account Executive with XPO. Shortly thereafter, Galvez joined XPO's competitor, R+L Carriers, Inc. ("R+L"), and immediately began soliciting XPO's customers on behalf of R+L. [*See* Plaintiff's Complaint, ECF No. 1 ("Complaint"), ¶ 3]. Galvez executed an Employment Agreement, pursuant to which she agreed to keep confidential information and trade secrets confidential, and to refrain from using confidential information and trade secrets to solicit her former customers and to compete against XPO. [Complaint., ¶ 47, Ex. 1]. Before resigning from XPO, Galvez removed a substantial amount of confidential and trade secret information from XPO, including sending numerous emails to her personal email address containing detailed customer and pricing information for approximately 25,000 of XPO's customers. [Complaint, ¶4] . Galvez breached this agreement, and XPO policies, by using XPO's confidential information and trade secrets to solicit XPO's customers and to compete with XPO, by not returning XPO's confidential information to XPO upon her resignation, and by disclosing XPO's confidential information and trade secrets to R+L. [Complaint, ¶ 48].

This is not the first time R+L hired a former XPO employee who wrongly used XPO's confidential and trade secret information to R+L's benefit. In fact, XPO sued R+L and three former XPO employees currently employed by R+L in the Eastern District of Michigan for misappropriation of trade secrets, breach of employment agreements, tortious interference with the employment agreements by R+L, and unfair competition, among other things. *See XPO CNW, Inc. et al v. R&L Carriers, Inc., et al*, E.D. Mich. Case No. 2:16-cv-10391-RHC-SDD (the "Michigan Lawsuit"). R+L is subject to an agreed injunction in that case prohibiting it from using any confidential information obtained through those three former XPO employees.

**Defendant:** Plaintiff's allegations of wrongdoing by Galvez are meritless. In accordance with XPO's accepted business practices, long before she ever thought of leaving her employment with the company, Galvez sent a limited number of emails

with attachments from her email account with XPO to her personal email account in order to assist her in the work she was performing while traveling on behalf of XPO. Galvez has never used confidential XPO information or trade secrets to solicit clients or compete against XPO. Most, if not all, of the customers of XPO that Galvez has contacted since leaving the company were existing customers of R+L.

Galvez recently learned that, after leaving her employment with XPO and while she was an employee of R+L, XPO continued to send email messages to customers (at least some of whom are also customers of R+L) wrongfully using her name and former company email address to solicit additional business from the customers on behalf of XPO. This practice constitutes a violation of her right to privacy (misappropriation of her name) and violations of California Business & Professions Code §§ 17200 and 17500.

XPO has agreed to stipulate to allow Galvez to file a cross-complaint against it in this action, and she anticipates filing the cross-complaint in advance of the Scheduling Conference on November 7, 2016.

### b. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 (diversity) because Plaintiff is a citizen of Delaware, Defendant is a citizen of California, and the amount in controversy exceeds $75,000.

### c. LEGAL ISSUES

**Plaintiff:** Not applicable at this time.

**Defendant:** Not applicable at this time.

### d. PARTIES, EVIDENCE, ETC.

**Parties:**

Plaintiff XPO Logistics (formerly Con-Way Freight, Inc.) ;

Defendant Ginger Galvez; and

Defendant's current employer R + L Carriers, Inc.

**Percipient Witnesses:**

- 3 -
JOINT RULE 26(F) REPORT

2612854V.1

Plaintiff;

Plaintiff's representatives and current and former employees;

Defendant;

R + L Carriers, Inc., its representatives and current and former employees;

Third Parties Listed On Defendant's Listing of Contacted Clients served on September 29, 2016;

Salesforce, its representatives and current and former employees.

**Key Documents:**

The approximately 4,000 electronic documents produced by Galvez with "hits" against Plaintiff's key word;

Documents reflecting confidential and trade secret information that Plaintiff contends Galvez took from it and has failed to return;

Communications between the parties and their representatives;

Communications between Galvez and former / existing XPO clients;

Communications between XPO and XPO clients using Galvez' name and email address after she left her employment with XPO.

e. **DAMAGES**

**Plaintiff:**

Plaintiff claims actual damages, in an amount to be determined at trial, in excess of $75,000.00 along with interest, costs, and attorneys' fees as allowable by law, including pursuant to Cal. Civil Code § 3426.4, as well as exemplary damages pursuant to Cal. Civil. Code § 3426.3(c), and for prejudgment and post judgment interest at the maximum legal rate as an element of damages. Discovery is ongoing.

**Defendant:** Galvez denies that she breached any contract with XPO and that she wrongfully took any confidential information or trade secrets from the company when she resigned her employment. As a result, she denies that XPO has suffered or can recover any damages of any type in any amount. Investigation and discovery are continuing.

2612854V.1

On the anticipated cross-complaint, Galvez will claim actual damages, in an amount to be determined at trial, in excess of $75,000.00 along with interest, costs, and attorneys' fees as allowable by law, as well as exemplary damages pursuant to Cal. Civil. Code § 3426.3(c), and for prejudgment and post judgment interest at the maximum legal rate as an element of damages.

**f. INSURANCE**

The parties are unaware of any insurance applicable to this case to satisfy a possible judgment or indemnify or reimburse payments made to satisfy a possible judgment.

**g. MOTIONS**

**Plaintiff:** Plaintiff does not currently anticipate any motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

**Defendant:** Galvez anticipates filing a stipulation for leave to file a cross-complaint and a cross-complaint against XPO for violation of her right to privacy (misappropriation of her name) and violations of California Business & Professions Code §§ 17200 and 17500.

**h. MANUAL FOR COMPLEX LITIGATION**

The procedures of the Manual for Complex Litigation should not be utilized.

**i. STATUS OF DISCOVERY**

The Parties anticipate exchanging Initial Disclosures at or within 14 days of their Rule 26(f) conference, which took place on October 17, 2016. No other discovery has taken place.

**j. DISCOVERY PLAN**

**Plaintiff:**

On August 10, 2016, Plaintiff filed a motion for a preliminary injunction seeking to enjoin and restrain Galvez from further misappropriating XPO's trade secret information and retaining confidential information in violation of her employment agreement and XPO policies. [Motion For Preliminary Injunction, ECF

- 5 -
JOINT RULE 26(F) REPORT

2612854V.1

No. 10]. Defendants agreed to stipulate to a preliminary injunction, which was ordered by the Court on September 15, 2016. [See Order, ECF No. 18]. Pursuant to the Order, Defendant has submitted her personal electronic data to an independent, third party forensic company for analysis. The analysis resulted in approximately 4,000 documents that contained "hits" on search terms created by Plaintiff. These documents are currently under review for privilege by Defendant's counsel, who anticipates producing all responsive, non-privileged material to Plaintiff on or before November 1, 2016.

Plaintiff anticipates propounding Requests for Admissions, Requests for Production of Documents, and Special Interrogatories. In propounding said discovery, Plaintiff seeks information regarding Defendant's use of Plaintiff's proprietary and confidential trade secret information. Plaintiff also anticipates undertaking certain third party discovery the same. No changes in the disclosures under Rule 26(a) should be made and discovery should not be conducted in phases or otherwise limited. Applicable limitations should not be changed. No other limitations should be imposed.

**Defendant:** Galvez' counsel is currently reviewing the electronic documents that contained "hits" based on the search terms created by Plaintiff, and Galvez will produce all relevant, non-privileged documents materials to Plaintiff. Galvez anticipates propounding Requests for Admissions, Requests for Production of Documents, and Special Interrogatories. In propounding said discovery, Galvez will seek information regarding XPO's customer pricing and tariffs and information about XPO's solicitation of customers using her name and email address after she resigned her employment with the company. Galvez also anticipates undertaking certain third party discovery regarding the same subject areas, including the issuance of subpoenas to salesforce.com. No changes in the disclosures under Rule 26(a) should be made and discovery should not be conducted in phases or otherwise limited. Applicable limitations should not be changed. No other limitations should be imposed.

k. **DISCOVERY CUT-OFF**

The parties propose October 13, 2017 as the last day to hear discovery motions.

l. **EXPERT DISCOVERY**

Plaintiff's initial expert witness disclosures: June 23, 2017

Defendant's initial expert witness disclosures: June 23, 2017

Both parties' rebuttal expert witness disclosures: July 14, 2017

Expert Discovery Cut-Off: August 29, 2017

m. **DISPOSITIVE MOTIONS**

**Plaintiff:** Plaintiff anticipates filing a motion to dismiss Defendant's anticipated counterclaims and/or a motion for Summary Judgement at the end of discovery as to Defendant's counterclaims.

**Defendant:** Galvez anticipates filing a motion for summary judgment at the end of discovery as to all of Plaintiff's claims.

n. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have not exchanged informal offers of settlement. The parties prefer private mediation. The parties are also open to a settlement conference before a magistrate judge.

o. **TRIAL ESTIMATE**

**Plaintiff:** Plaintiff has demanded a jury trial. Plaintiff estimates a 10 day trial.

**Defendant:** Galvez also estimates a 10 day trial.

p. **TRIAL COUNSEL**

**Plaintiff:** Jeffrey Huron, Esq. and Jason Riddick, Esq.

**Defendant:** David S. Eisen, Esq. and Adam Le Berthon, Esq.

q. **INDEPENDENT EXPERT OR MASTER**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

r. **TIMETABLE**

See attached Schedule.

**s. OTHER ISSUES**

There are no other issues affecting the status or management of the case at this time.

Dated: October 24, 2016

Respectfully submitted<br>
**DYKEMA GOSSETT LLP**

By: ___s/_____<br>
JEFFREY HURON, ESQ.<br>
JASON RIDDICK, ESQ.<br>
ATTORNEYS FOR PLAINTIFF<br>
XPO LOGISTICS FREIGHT, INC.

**WILSON ELSNER MOSKOWITZ EDELMAN & DICKER LLP**

By: ___s/_____<br>
DAVID EISEN, ESQ.<br>
ADAM LE BERTHON, ESQ.<br>
ATTORNEY FOR DEFENDANT<br>
GINGER GALVEZ

### L. R. 5-4.3.4(a)(2)(i) Attestation

I, the filer of this document, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date: October 24, 2016

**WILSON ELSNER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s_____<br>
ADAM LeBERTHON, ESQ.<br>
ATTORNEY FOR DEFENDANT

2612854V.1

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:16-cv-05915 MWF (AFMx) |
|---|---|
| Case Name | XPO Logistics Freight, Inc. v. Ginger Galvez |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X] Jury Trial  or  [ ] Court Trial (Tuesday at 8:30 a.m.) Duration Estimate: 10 Days | 12/05/17 | 12/05/17 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* (Monday at 11:00 a.m. -- **three (3) weeks** before trial date) Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 11/13/17 | 11/13/17 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 02/13/17 | 02/13/17 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 08/01/17 | 08/01/17 | |
| Expert Disclosure (Initial) | | 06/23/17 | 06/23/17 | |
| Expert Disclosure (Rebuttal) | | 07/14/17 | 07/14/17 | |
| Expert Discovery Cut-Off | 14 * | 08/29/17 | 08/29/17 | |
| Last Date to *Hear* Motions (**Monday at 10:00 a.m.**) | 14 | 08/28/17 | 08/28/17 | |
| Last Date to Conduct Settlement Conference | 12 | 09/12/17 | 09/12/17 | |
| For Jury Trial<br>♦ File Memorandum of Contentions of Fact and Law, LR 16-4<br>♦ File Exhibit and Witness Lists, LR 16-5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | 10/24/17 | 10/24/17 | |
| For Jury Trial<br>♦ Lodge Pretrial Conference Order, LR 16-7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In Limine* | 5 | 10/31/17 | 10/31/17 | |
| For Court Trial<br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel     ☒ Private Mediation     ☒ Magistrate Judge (with Court approval)

**EXHIBIT A**