**DYKEMA GOSSETT LLP**
Jeffrey Huron (SBN: 136585)
*jhuron@dykema.com*
Jason T. Riddick (SBN: 235980)
*jriddick@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Plaintiff
XPO LOGISTICS FREIGHT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| XPO LOGISTICS FREIGHT, INC. (formerly Con-Way Freight, Inc.), a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GINGER GALVEZ, an individual,<br><br>　　　　Defendant. | CASE NO.  2:16-cv-05915 MWF (AFMx)<br><br>**PLAINTIFF'S INITIAL DISCLOSURES**<br><br>Date Action Filed:  August 8, 2016 |

　　　　Plaintiff XPO Logistics Freight, Inc. (formerly Con-way Freight Inc. ["Con-way"]) ("XPO"), by and through its attorneys, Dykema Gossett LLP, make the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). XPO's investigation of this matter is continuing and this disclosure provides information currently known and available to XPO after making a good faith inquiry and investigation.  XPO reserves the right to supplement these disclosures based on the discovery of additional or different information.

///

///

///

**A. Rule 26(a)(1)(A)(i): "*[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]*"**

The following persons may have discoverable information supporting XPO's claims in this case:

1. Representatives and records custodians of XPO, with knowledge of the facts relevant to this case, including but not limited to knowledge of confidential and trade secret information, information removed by defendant, including but not limited to John Burton.

    c/o counsel to XPO

2. Representatives and records custodians of R+L Carriers, Inc. ("R+L"), with knowledge of the facts relevant to this case, including but not limited to the solicitation of Ginger Galvez, Shawn Thackray, Jill Langley, James Matthews, and other XPO employees, and the receipt and use of XPO documents and information.

    c/o counsel to Defendant

3. Ginger Galvez, regarding the facts relevant to this case, including but not limited to her breaches of contract, her removal of information and materials from XPO, and the facts surrounding her recruitment by R+L.

    c/o counsel to Defendant

4. Jill Langley, regarding the facts relevant to this case, her breaches of contract similar to Defendant Galvez, her removal of information and materials from Con-way, and the facts surrounding her recruitment by R+L.

    c/o counsel to Defendant

5. Shawn Thackray, regarding the facts relevant to this case, his breaches of contract similar to Defendant Galvez, his removal of information and

materials from Con-way, and the facts surrounding his recruitment by R+L.

    c/o counsel to Defendant

6. James Matthews, regarding the facts relevant to this case, his breaches of contract similar to Defendant Galvez, his removal of information and materials from Con-way, and the facts surrounding his recruitment by R+L.

    c/o counsel to Defendant

7. All persons, experts or otherwise listed on other parties' witness list.

8. All persons deposed, noticed for deposition, or to be noticed for deposition and deposed.

9. All persons named in pleadings or discovery responses, or identified in depositions.

10. Any necessary rebuttal or impeachment witnesses, fact and expert.

11. Each XPO client with whom Defendant has been in contact since her departure from XPO, as identified Defendant's September 29, 2016 Listing Of Contacted Clients.

    c/o counsel to Defendant

**B. Rule 26(a)(1)(A)(ii):** *"[A] copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]"*

The following categories of documents – which are currently in the custody or control of XPO and/or Defendants – may be used by XPO in presenting its claims in this case and include:

1. Documents and records removed from Con-way / XPO by Defendant.

2. Defendant's September 29, 2016 Listing Of Contacted Clients.

3

PLAINTIFF'S INITIAL DISCLOSURES

3. Documents and records illustrating the removal of records from Con-way / XPO by Defendant.

4. Documents related to the information and documents improperly removed from Con-way by Defendant.

5. Correspondence of Thackray, Langley, Matthews, and Galvez, including but not limited to correspondence containing or forwarding Con-way information and documents.

6. Computers and other storage media containing improperly removed Con-way records and documents.

7. Documents related to agreements between Con-way and Galvez, and also to the other former employees of Con-way who were solicited by R + L, including Thackray, Langley, and Matthews.

8. Documents related to the hiring and solicitation of Thackray, Langley, Matthews, Galvez, and other employees of Con-way by R+L, and R+L's strategy and actions regarding the same.

9. Documents obtained through discovery, including but not limited to the over 3,000 documents that received responsive "hits" which were forensically gathered from Defendant Galvez's electronic devices and accounts, the non-privileged, responsive subset of which are to be produced by counsel for Defendant on or before November 1, 2016 by agreement.

C. **Rule 26(a)(1)(A)(iii):** *"[A] computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]"*

XPO's investigation and discovery is ongoing. XPO seeks damages related to the theft of its confidential and trade secret information, and the breaches of contract by Galvez. XPO also seeks damages in the form of its costs and attorneys' fees

4
PLAINTIFF'S INITIAL DISCLOSURES

incurred in this litigation. XPO will provide damage calculations and will supplement and/or correct as appropriate; counsel for the parties have et and conferred on this topic at their October 17, 2016 telephonic Rule 26(f) conference, and Defendant's counsel does not expect damages information from Plaintiff at this early juncture.

    **D. Rule 26(a)(1)(A)(iv):** *"[A]ny insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."*

None known at this time.

## RESERVATION OF RIGHT

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, XPO reserves the right to amend and/or supplement these disclosures in the course of discovery, which is ongoing and incomplete. XPO also reserves its right to add additional exhibits necessary to rebut other exhibits identified by Defendant.

DATED: October 31, 2016    DYKEMA GOSSETT LLP

By: s/ _____
Jeffrey Huron, Esq.
Jason Riddick, Esq.

*Attorneys for Plaintiff*
XPO LOGISTICS FREIGHT, INC.