**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| XPO LOGISTICS FREIGHT, INC. (formerly Con-Way Freight, Inc.), a Delaware corporation, | CASE NO. 2:16-cv-05915 MWF (AFMx) |
| | [Assigned to Hon. Michael W. Fitzgerald] |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| GINGER GALVEZ, an individual, | |
| Defendant. | |
| GINGER GALVEZ, an individual, | Date Action Filed  August 8, 2016 |
| Counterclaimant, | Trial Date:        December 5, 2017 |
| v. | |
| XPO LOGISTICS FREIGHT, INC., a Delaware corporation, | |
| Counterdefendant. | |

1

STIPULATED PROTECTIVE ORDER

Plaintiff and Counterdefendant XPO Logistics Freight, Inc. ("XPO") and Defendant and Counterclaimant Ginger Galvez ( "Galvez") (collectively, the "Parties"), through their respective counsel of record, entered into a Stipulation for Entry of Stipulated Protective Order.

The Court, having considered the Stipulation, and finding good cause therefore, HEREBY ORDERS that:

1.      In this Stipulated Protective Order, the words set forth below shall have the following meanings:

      a.      "Proceeding" means the above-captioned proceeding (United States District Court, Central District of California Case No. 2:16-cv-05915 MWF (AFMx)).

      b.      "Court" means the Hon. Michael W. Fitzgerald, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

      c.      "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

      d.      "Confidential Materials" means any Writings, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

      e.      "Attorney's Eyes Only" means and Writings, Testimony or Information as defimed below designated as "Attorneys' Eyes Only" pursuant to the provisions of this Stipulated Protective Order

      f.      "Designating Party" means the Party that designates Materials as "Confidential."

g.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

h.      "Information" means the content of Writings or Testimony.

i.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

j.      "Writings" means (i) any "Writing," "Recording," "Original," and "Duplicate" as those terms are defined by Rule 1001 of the Federal Rules of Evidence which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.      The Designating Party shall have the right to designate as "Confidential" any Writings, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.  The Designating Party shall have the right to designate as "Attorney's Eyes Only" any Writings, Testimony or Information that the Designating Party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information).

3.      The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.      Any Writings, Testimony or Information to be designated as "Confidential" or "Attorney's Eyes Only" must be clearly so designated before the Writing, Testimony or Information is Disclosed or produced (with the exception of

STIPULATED PROTECTIVE ORDER

documents already produced by either party as of the date of execution of this Stipulated Protective Order, which the parties informally agreed to uniformally designate in their entirety on an interim basis as "Atttorney's Eyes Only" until this Stipulated Protective Order could be entered,  and which may now be retroactively Designated "Confidential" or "Attorney's Eyes Only" or bear no designation, as the parties desire).  The "Confidential" or "Attorney's Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

     a.     For Writings (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend on each page of any Writing containing such designated.

     b.     For Testimony given in depositions the Designating Party may either:

     i.     identify on the record, before the close of the deposition, all "Confidential" or "Attorney's Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as such, or

     ii.     designate the entirety of the Testimony at the deposition as "Confidential" or "Attorney's Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Attorney's Eyes Only" Information may be separately bound by the court reporter, who must affix to the top of each page the appropriate legend instructed by the Designating Party.

     c.     For Information produced in some form other than Writings, and for any other tangible items, including, without limitation, compact discs or

DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the appropriate legend.  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

5.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Writing, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Attorney's Eyes Only" designation, shall be without prejudice to any claim that such item is so protected, and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Writing, Testimony or Information that is subject to a "Confidential" or "Attorney's Eyes' Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Writing, Testimony or Information appropriately desigated (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Writing, Testimony or Information shall promptly destroy the inadvertently produced Writing, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Writing, Testimony or Information to counsel for the producing Party.  Should the receiving Party choose to destroy such inadvertently produced Writing, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.  In the event that this provision conflicts

with any applicable law regarding waiver of confidentiality through the inadvertent production of Writings, Testimony or Information, such law shall govern.

6.      In the event that counsel for a Party receiving Writings, Testimony or Information in discovery designated as "Confidential" or "Attorney's Eyes Only," objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Writings, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Writings, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Writings, Testimony or Information addressed by the Designation Objections (the "Designation Motion").  Any Designation Motion shall comply with Local Rules 37-1 through 37-4 and shall be submitted to the Court in the form of a joint stipulation.  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Writings, Testimony or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its designation.  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Writings, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.      Access to and use and/or Disclosure of Materials designated as "Confidential" shall be permitted only to the following persons:

a.      the Court and its staff members;

b.      (1) Attorneys of record in the Proceedings or United States District Court For the Eastern District of Michigan Southern Division, Case No. 2:16-cv-10391-RHC-SDD and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in either proceeding and are not employees of any Party.  (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.      those officers, directors, partners, members, employees and agents of all non-designating Parties, including non-designating individuals who are Parties to this action, that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of either proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, Party, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d.      court reporters in either proceeding (whether at depositions, hearings, or any other proceeding);

e.      any deposition, trial or hearing witness in either proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

STIPULATED PROTECTIVE ORDER

f.      any deposition or non-trial hearing witness in either proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

g.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with either proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.      any other person that the Designating Party agrees to in writing.

8.      Access to and use and/or Disclosure of Materials designated as "Attorney's Eyes Only" shall be permitted only to the following persons:

a.      the Court and its staff members;

STIPULATED PROTECTIVE ORDER

b.     Attorneys of record in the Proceedings and United States District Court For the Eastern District of Michigan Southern Division, Case No. 2:16-cv-10391-RHC-SDD  and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the either proceeding and are not employees of any Party.

c.     court reporters in either proceeding (whether at depositions, hearings, or any other proceeding);

d.     any deposition witness whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agrees to abide by the terms of this Stipulated Protective Order.

e.     outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with either proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of such Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

9.     Any Party to the Proceeding (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulated Protective Order.

10.     Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

STIPULATED PROTECTIVE ORDER

2654809v.2

a.      operate as an admission by any person that any particular Writing, Testimony or Information marked "Confidential" or "Attorney's Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

b.      have any effect on the use at trial of any Writing, Testimony or Information marked "Confidential" or "Attorney's Eyes Only", and the use of all such materials shall be governed by orders entered by the trial judge; or

c.      prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulated Protective Order):

i.      to seek a determination by the Court of whether any particular Material should be subject to protection as "Confidential" or "Attorney's Eyes Only" under the terms of this Stipulated Protective Order; or

ii.      to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulated Protective Order, either generally or as to any particular Writing, Material or Information.

11.      Any Party to the Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulated Protective Order.

12.      Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Attorney's Eyes Only" under the terms of this Stipulated Protective Order, and any such designation by a non-Party shall

have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

13.   If any person subject to this Stipulated Protective Order who has custody of any Confidential or Attorney's Eyes Only Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Materials, and/or seek to obtain Confidential or 'Attorney's Eyes Only" treatment of such Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Writings, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14.   Nothing in this Stipulated Protective Order shall be construed to preclude either Party from asserting in good faith that certain Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

15.   If, after execution of this Stipulated Protective Order, any Materials submitted by a Designating Party under the terms of this Stipulated Protective Order is Disclosed by a non-Designating Party to any person other than in the

manner authorized by this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Materials to the immediate attention of the Designating Party.

16.     This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Materials designated by that Party.  If the Designating Party uses Materials in a manner inconsinstent with its designation, then the Designating Party shall advise that the designation no longer applies.

17.     No party may publicly file any Confidential or Attorney's Eyes Only Materials without first obtaining written permission from the Designating Party or a court order after providing appropriate notice to all interested parties.  If a party seeks to file Confidential or Attorney's Eyes Only Materials under seal, it must comply with Local Rule 79-5.1.  Confidential or Attorney's Eyes Only Materials may only be filed under seal pursuant to court approval authorizing the sealing of the specific Materials at issue.  If a request by a party receiving Confidential or Attorneys' Eyes Only Materials to file them with the Court under seal is denied, that party may file the Materials in the public record in accordance with the order entered by the Court.

18.     The Parties shall meet and confer regarding the procedures for use of Confidential or Attorneys' Eyes Only Materials at trial and shall move the Court for entry of an appropriate order.

19.     Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential or Attorneys' Eyes Only Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of protected Material.

20.    This Stipulated Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulated Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Proceeding is terminated.

21.    Termination of Lawsuit – All documents and things designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or United States District Court For the Eastern District of Michigan Southern Division, Case No. 2:16-cv-10391-RHC-SDD, whichever comes later, (including the exhaustion of all appeals) or they may be destroyed with permission of the party that produced them.  This provision shall not apply to documents and things the Court determines are not "Confidential" or "Attorneys Eyes Only." Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

22.    After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.

23.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Stipulated Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulated Protective Order

2654809v.2

1  pending its entry so as to allow for immediate production of Materials under the

2  terms herein.

3  IT IS SO ORDERED.

4

5

6  Dated: 3/14/2017

   _____

7                   Alexander F. MacKinnon
                 United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

STIPULATED PROTECTIVE ORDER

2654809v.2

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL/ATTORNEY'S EYES ONLY

## DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive material designated as "Confidential" or "Attorney's Eyes Only" (the "Materials") supplied in connection with the following proceeding: United States District Court, Central District of California Case No. 2:16-cv-05915 MWF (AFMx) (the "Proceeding")I certify that I understand that these Materials are provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in the Proceeding.  I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such Materials, shall not be Disclosed to or discussed with anyone except as expressly permitted by the Stipulated Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, or United States District Court For the Eastern District of Michigan Southern Division, Case No. 2:16-cv-10391-RHC-SDD, any Materials obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.  I understand that treating the Materials in any manner contrary to the provision of the Stipulated Protective Order may subject me to sanctions for contempt of Court.

I further understand that I am to retain all copies of all Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding or United States District Court For the Eastern District of Michigan

STIPULATED PROTECTIVE ORDER

1    Southern Division, Case No. 2:16-cv-10391-RHC-SDD, whereupon the copies of

2    such Materials will be returned to counsel who provided me with such Materials.

3            I acknowledge that, by signing this agreement, I am subjecting myself to the

4    jurisdiction of the United States District Court for the the Central District of

5    California with respect to the the enforcement of this Stipulated Protective Order.

6            I declare under penalty of perjury, under the laws of the State of California,

7    that the foregoing is true and correct.  Executed this __ day of__, 20__, at

8    _____.

9

10

11   DATED:_____          BY:  _____
                                               Signature
12                                             _____
13                                             Title
                                               _____
14                                             Address
15                                             _____
                                               City, State, Zip
16                                             _____
17                                             Telephone Number

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

2654809v.2